UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY IVORY,

    Petitioner,

v.

STEVEN RIVARD,

    Respondent.

Case No. 2:14-cv-10792
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING MOTION TO STAY PROCEEDINGS AND HOLD IN PETITION IN ABEYANCE [15]**

    Petitioner Gregory Ivory, confined at the St. Louis Correctional Facility in St. Louis, Michigan, has petitioned this Court for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court previously denied—without prejudice—Ivory's motion to stay these proceedings and hold his Petition in abeyance. (Dkt. 9, 1st Mot. to Stay.) In so doing, the Court gave Ivory until November 24, 2014 to file a renewed motion to stay that did three things: (1) explained in greater detail the claims that he sought to pursue in state court, (2) stated whether he sought to add these claims to his habeas petition, and (3) explained why those claims were not previously presented to the state courts. (Dkt. 14, Order on 1st Mot. to Stay.)

    Ivory has attempted to comply with this Court's order by filing a second Motion to Stay Proceedings and Hold Petition in Abeyance. (Dkt. 15, 2d Mot. to Stay.) Respondent Warden Steven Rivard has opposed Ivory's motion. (Dkt. 16.) Having been so advised, the Court will allow Ivory to amend his petition, hold the amended petition in abeyance, and administratively close this case.

**I.**

The Court first addresses Ivory's now unambiguous request to amend his Petition to "add claims of ineffective assistance of trial counsel." (Dkt. 15, 2d Mot. to Stay at ¶ 6.)

Courts have applied Federal Rule of Civil Procedure 15's standard to a request to amend a petition for habeas corpus. *See* 28 U.S.C. § 2242 (providing that a petition for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998). Rule 15(a)(2) provides that leave to amend should be "freely given when justice so requires." But a court may deny leave based on undue delay, bad faith, dilatory motive, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Futility is assessed under Rule 12(b)(6) standards. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

In his first motion to stay, Ivory stated, "There is a forgery of legal documents, a unknown signature was applied to the Criminal Complaint, not actual complaintant's [*sic*] signature. Constitutionally ineffective of counsel [*sic*] for not objecting contemporaneously to in court identification." (Dkt. 9, 1st Mot. to Stay at 2.) In his second motion to stay, Ivory states that he "seeks to pursue in state court claim of Jurisdictional Defect, Petitioner seeks to amend his petition to add claims of ineffective assistance of trial counsel." (Dkt. 15, 2d Mot. to Stay at 2.) He provides no further detail as to these claims. (*See generally id.*) Even so, granting Ivory a liberal reading of his two pro se motions, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), it appears that Ivory seeks to add to his Petition an ineffective-assistance-of-trial-counsel claim based on his counsel's failure to object to some witness' in-court identification of him as the perpetrator of the crime leading to his conviction and based on his counsel's failure to challenge the authenticity of the criminal complaint. The jurisdictional defect issue is unclear. Although

greater factual detail is preferable, the Court believes that this suffices (barely) to state a plausible claim for relief.

Moreover, Respondent Rivard will not be prejudiced by amendment. Rivard says that "Ivory has failed to sufficiently explain the basis of his claim and the circumstances which prevented him from raising it until after the State's response was filed." (Dkt. 16, Resp. to 2d Mot. to Stay ¶ 7.) But if Ivory does not obtain relief in the state courts and moves to re-open this case, the Court will grant Rivard an opportunity to file an amended answer. *See Stewart v. Angelone*, 186 F.R.D. 342, 344 (E.D. Va. 1999); Rules Governing § 2254 Cases, Rule 4. And Rivard will not have to redraft those portions of his answer that correspond to Ivory's original habeas claims.

Accordingly, the Court grants Ivory leave to amend his Petition to add an ineffective-assistance-of-trial-counsel claim based on his counsel's failure to object to some witness' in-court identification of him.

**II.**

Ivory's Petition now contains both unexhausted and exhausted claims—it is "mixed."

In *Rhines v. Weber*, 544 U.S. 269, (2005), the Supreme Court "confront[ed] the problem of a 'mixed' petition for habeas corpus relief." *Id.* at 271. Noting that district courts generally have discretion to stay a case, and that the Antiterrorism and Effective Death Penalty Act did not strip federal trial courts of that discretion, but also noting that a stay has the potential of undermining AEDPA's "twin purposes" of encouraging finality and exhaustion, the Supreme Court provided that "stay and abeyance should be available only in limited circumstances." *Id.* at 276–77. The Supreme Court explained that, on the one hand, a district court would abuse its discretion in staying a case where there was not good cause for the petitioner's failure to exhaust

3

the unexhausted claims or if the unexhausted claims were "plainly meritless"; on the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* 277–78.

Here, for the same reason that the claim is not futile, Ivory's unexhausted ineffective-assistance-of-counsel claim is potentially meritorious, and, given that Ivory first moved for a stay only five months after he filed his Petition and before Rivard filed his response, the Court infers no dilatory litigation tactics.

That leaves good cause. Ivory explains, "ineffective-assistance-of-trial-counsel claim was not previously exhausted because appeal counsel never replied to any of Petitioner letters to present additional claims on appeal. When Petition was visited by appeal counsel for the first an[d] only time, Petitioner stated to appeal counsel that he wanted the ineffective assistance of trial counsel raised, but it was not." (2d Mot. to Stay ¶ 5.) The Court believes these allegations suffice to demonstrate good cause.

### III.

The Court HEREBY GRANTS Ivory's second motion to stay the proceedings and hold the habeas petition in abeyance. (Dkt. 15.) Petitioner must file a motion for relief from judgment in state court within ninety days (90) of entry of this order. He shall notify this Court in writing that such motion papers have been filed in state court. If he fails to file a motion or notify the Court that he has done so, the Court will dismiss the present petition without prejudice.

Within 90 days after the conclusion of the state court post-conviction proceedings, after Petitioner fully exhausts his new claims, he shall re-file his habeas petition, consistent with the

4

amendment permitted above. Petitioner shall re-file his habeas petition under the current caption and case number.

To avoid administrative difficulties, the Court ORDERS the Clerk of Court to CLOSE this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002). Upon re-filing his habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

SO ORDERED.

                s/Laurie J. Michelson
                LAURIE J. MICHELSON
                UNITED STATES DISTRICT JUDGE

Dated: February 5, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 5, 2015.

                s/Jane Johnson
                Case Manager to
                Honorable Laurie J. Michelson